UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| AMELIA GIORDANO<br><br>    Plaintiff,<br><br>    vs.<br><br>MGC MORTGAGE, INC.;<br>DOVENMUEHLE MORTGAGE,<br>INC.; JOHN DOES I-X<br><br>    Defendants. | Civil Action No.<br><br><br>**CLASS ACTION COMPLAINT AND JURY DEMAND** |

Amelia Giordano of full age, brings this class action complaint by and through the undersigned attorneys, against Defendant MGC Mortgage, Inc. (hereinafter "Defendant"), individually and on behalf of a class of all others similarly situated, pursuant to Rule 23 of the Federal Rules of Civil Procedure, based upon information and belief of Plaintiff's counsel, except for allegations specifically pertaining to Plaintiff, which are based upon Plaintiff's personal knowledge.

## JURISDICTION AND VENUE

1.     Jurisdiction is appropriately laid in the United States District Court, District of New Jersey under 28 USC §1331 as this claim is based upon a federal statute and federal question jurisdiction.

2.     Venue is appropriately laid in the District Court of New Jersey under 28

U.S.C. §1391(b)(2) as the events causing the claim occurred substantially within the State of New Jersey.

## **PARTIES**

**3.**     Plaintiff Amelia Giordano owns and resides in the real property at 34 Lincoln Street, Roseland, New Jersey.

**4.**     Defendant MGC Mortgage, Inc. ("MGC") is the servicer of the mortgage loan that is the subject of this litigation. MGC maintains its primary business in Plano Texas and maintains an agent for service of process at the Corporation Trust Company 820 Bear Tavern Road, West Trenton, New Jersey.

**5.**     Defendant LNV Corporation is the entity that claims to own the mortgage loan.  LNV maintains its headquarters at 7195 Dallas Parkway Plano, TX 75024.

**6.**     Dovenmuehle Mortgage, Inc. ("Dovenmuehle") is a Delaware corporation headquartered in Illinois.  Dovenmuehle maintains an agent for service of process in New Jersey at The Corporation Trust Company 820 Bear Tavern Road, West Trenton, New Jersey 08628.

## **FACTUAL ALLEGATIONS**

**7.**     Amelia Giordano owns and resides in the property at 34 Lincoln Street.

**8.**     In 1999 Ms. Giordano entered into a mortgage loan with FGC Commercial Mortgage Finance DBA Fremont Mortgage.

**9.**     The mortgage loan was sold and/or transferred several times in the years that

followed.

10.     Due to unforeseen economic circumstances, Ms. Giordano defaulted on the mortgage loan in 2007.

11.     After the date of default, the loan was transferred to LNV Corp.

12.     After the date of default, Defendant MGC began servicing the mortgage loan on behalf of LVNV Corp.

13.     MGC is a "debt collector" as defined by the Fair Debt Collection Practices Act under 15 U.S.C. §1692a(6).

14.     Since becoming servicer of the loan, MGC has engaged in debt collection activities on behalf of the owner of the loan.

15.     On information and belief, MGC and/or LNV hired Dovenmuehle to provide additional loan servicing and debt collection services on behalf of MGC and LNV.

16.     Monthly statements sent to Ms. Giordano are on MGC letterhead but use an address managed and maintained by Dovenmuehle at 1 Corporate Drive, Suite 360, Lake Zurich, IL 60047-8945.

17.     Monthly statements sent to Ms. Giordano further instruct that payments be sent to "MGC Mortgage, Inc. P.O. Box 371306 Pittsburgh PA 15250." This address is managed and maintained by Dovenmuehle.

18.     Dovenmuehle is a "debt collector as defined by the Fair Debt Collection Practices Act under 15 U.S.C. §1692a(6).

**19.**     In 2013 a foreclosure lawsuit was filed by LNV in the Superior Court of New Jersey under state court docket F-233-13.

**20.**     On March 18, 2015 LNV obtained a default judgment in the foreclosure lawsuit.  The judgment has not been enforced.

**21.**     On June 25, 2015 Ms. Giordano filed an affirmative lawsuit against MGC Mortgage, Inc. before the United States District Court for the District of New Jersey under docket 2:15-cv-4399.

**22.**     On July 13, 2016 the federal court case was marked settled and dismissed.

**23.**     In connection with the dismissal MGC and Ms. Giordano entered into a Settlement Agreement subject to a confidentiality clause.

**24.**     The Settlement Agreement specifically includes LNV and MGC as bound parties to the agreement.

**25.**     The Settlement Agreement sets for the terms of a loan modification.

**26.**     The Settlement Agreement states that the foreclosure final judgment would be vacated, and the foreclosure action dismissed.

**27.**     Pursuant to the loan modification, Ms. Giordano signed the loan modification documents and began tendering payments.

**28.**     Among other changes to the loan, the modification lowered the interest rate from 9.75% to a fixed rate of 3%.

**29.**     MGC mortgage loan statements did not reflect implementation of the loan

modification.

30.     In late 2018 and into the year 2019, legal counsel for MGC was in regular contact with counsel for Ms. Giordano, indicating the parties continued to work with the understanding the loan modification being implemented.

31.     Payments made on the loan by Ms. Giordano were made with reliance that MGC and LNV were ensuring the loan modification was implemented and payments being properly applied.

32.     MGC and LNV did not vacate the foreclosure judgment and did not dismiss the foreclosure.

33.     Payments sent to MGC were directed to the provided address provided on loan statements.  The provided address is controlled and managed by Dovenmuehle on behalf of MGC.

34.     Payments received at the address managed by Dovenmuehle on behalf of MGC, were often not deposited for long period of time after receipt.

35.     On information and belief, a reason for the delay in application of payments is that Dovenmuehle uses the provided address for dozens of companies in addition to MGC and LNV.

36.     Pursuant to New Jersey R. 4:42-11, a judgment creditor is entitled to interest on a judgment in the amount of the annual rate of interest shall equal the average rate of return, to the nearest whole or one-half percent, for the corresponding

preceding fiscal year terminating on June 30, of the State of New Jersey Cash Fund (State accounts) as reported by the Division of Investment in the Department of the treasury, but the annual rate shall not be less tan 0.25%, plus 2% per annum.  In 2021 the applicable rate is 3.5%.

37.     Post judgment and at all times since the foreclosure judgment has remained in place, LNV became a judgment creditor, and was only entitled to the interest rate pursuant to R.4:42-11.  "[A] judgment extinguishes the original cause of action and makes available a new cause of action on the judgment, which constitutes a higher form of security." *Caterpillar Tractor Co. v. International Harvester Co.,* 120 F.2d 82, 87, n. 4(3d Cir. 1941); *Titus v. Miller*, 132 N.J.Eq. 541, 543, 29 A.2d 550 (Ch. 1942).

38.     At all times post judgment, MGC and Dovenmuehle have sent monthly loan statements to Ms. Giordano in connection with the collection of a debt.

39.     One such statement was sent on or about August 16, 2021, in which MGC and Dovenmuehle were seeking principal plus interest rate in the amount of 9.75%. A copy of the collection letter is attached as **Exhibit A**.

40.     The August 16, 2021 letter is a "communication" as defined by 15 U.S.C. §1692a(2).

41.     Upon receipt, Plaintiff read the August 16, 2021 letter.

42.     By seeking an amount, they were not entitled to collect, MGC and

Dovenmuehle violated various provisions of the FDCPA.

43.     On August 9, 2021, on MGC letterhead, Dovenmuehle sent a letter to Ms. Giordano disclosing annual adjustments to the interest rate on Ms. Giordano's loan. The letter indicates the interest rate will remain 9.75% for at least six months.

44.     MGC and Dovenmuehle could have taken the steps necessary to bring its actions within compliance with the FDCPA, but neglected to do so and failed to adequately review its actions to ensure compliance with the law.

## CLASS ALLEGATIONS

(As to MGC and Dovenmuehle)

45.     Plaintiff brings claims, pursuant to the Federal Rules of Civil Procedure (hereinafter "FRCP") Rule 23, individually and on behalf of the following consumer class.

46.     The class consists of: a) All consumers b) who were sent a collection letter from MGC/Dovenmuehle c) attempting to collect a consumer debt post a foreclosure judgment in New Jersey d) which attempted to collect an interest rate e) in excess of what is allowable under New Jersey R. 4:42-11(f) which letter was sent on or after a date one year prior to the filing of this action and on or before a date 21 days after the filing of this action.

47.     The identities of all class members are readily ascertainable from the records of Defendant and those companies and entities on whose behalf they attempt to

collect and/or have purchase debts.

48.     Excluded from the Plaintiff Class are the Defendants and officers, members, partners, managers, directors, and employees of the Defendant and their respective immediate families, and legal counsel for all parties to this action and all members of their immediate families.

49.     There are questions of law and fact common to the Plaintiff Class, which common issues predominate over any issues involving only individual class members. The principal issue is whether the Defendant's written communications to consumers, in the forms attached as *Exhibit A*, violate 15 U.S.C. §1692e and S1692f.

50.     The Plaintiff's claims are typical of the class members, as all are based upon the same facts and legal theories.

51.     The Plaintiff will fairly and adequately protect the interests of the Plaintiff Class defined in this complaint. The Plaintiff has retained counsel with experience in handling consumer lawsuits, complex legal issues, and class actions, and neither Plaintiff nor Plaintiff's attorneys have any interests, which might cause them not to vigorously pursue this action.

52.     This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

        a. **<u>Numerosity</u>**: The Plaintiff is informed and believes, and on that basis

alleges, that the Plaintiff Class defined above is so numerous that joinder of all members would be impractical.

b. **<u>Common Questions Predominate</u>**: Common questions of law and fact exist as to all members of the Plaintiff Class and those questions predominate over any questions or issues involving only individual class members. The principal issue is whether the Defendants' written communications to consumers, in the forms attached as **Exhibit A**, violate 15 U.S.C. §1692e and §1692f.

c. **<u>Typicality</u>**: The Plaintiff's claims are typical of the claims of the clas members. The Plaintiff and all members of the Plaintiff Class have claims arising out of the Defendants' common uniform course of conduct complained of herein.

d. **<u>Adequacy</u>**: The Plaintiff will fairly and adequately protect the interests of the class members insofar as Plaintiff has no interests that are averse to the absent class members. The Plaintiff is committed to vigorously litigating this matter. Plaintiff has also retained counsel experienced in handling consumer lawsuits, complex legal issues, and class actions. Neither the Plaintiff nor Plaintiff's counsel have any interests which might cause them not to vigorously pursue the instant class action lawsuit.

e. **Superiority**: A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender.

53.    Certification of a class under Rule 23(B)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the Plaintiff Class predominate over any questions affecting an individual members, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

54.    Depending on the outcome of further investigation and discovery, Plaintiff may, at the time of class certification motion, seek to certify a class(es) only as to particular issues pursuant to Fed.R.Civ.P. 23(c)(4).

## COUNT I

### VIOLATION OF THE NEW JERSEY CONSUMER FRAUD ACT

### As to MGC, Dovenmuehle and LVNV

### (Individually)

55.    Plaintiff repeats, reiterates, and incorporates the allegations contained in the

above paragraphs herein with the same force and effect as if the same were set forth at length herein.

56.     Plaintiff is a "person" as defined by N.J.S.A. 56:8-1(d).

57.     Defendants MGC, Dovenmuehle and LVNV are both "persons" as defined by N.J.S.A. 56:8-2(d).

58.     The settlement contract and modification agreement constituted an extension of credit covered by the New Jersey Consumer Fraud Act and the facts of this dispute mirror those in <u>Gonzalez v. Wilshire Credit Corp.</u> 207, N.J. 557 (2011).

59.     In relation to their dealings with Plaintiff, MGC Dovenmuehle and LVNV engaged in one or more unconscionable commercial practice as defined by N.J.S.A. §56:8-2.

60.     The wrongful conduct committed by MGC and Dovenmuehle was performed as agent for and on behalf of LVNV.

61.     LVNV is liable for the conduct of MGC and Dovenmuehle.

62.     The conduct of Defendants in violation of the New Jersey Consumer Fraud Act includes but is not limited to the following:

        a. Defendants engaged in unconscionable conduct when they induced Plaintiff to dismiss a federal lawsuit, waive rights, and provide a release for wrongful conduct committed by the Defendants in exchange for benefits which Defendants never provided.  The benefits

included a loan modification, and dismissal of the foreclosure.

b. Defendants induced Plaintiff to make payments under the loan modification which were not applied timely.

c. Defendants induced Plaintiff to make payments under the loan modification, and then Defendants failed to implement the modification of the loan.

d. Defendants capitalized on their unconscionable conduct by charging excess interest, late fees, inspection fees and by further exhibiting bad faith toward Plaintiff.

e. Defendants further engaged in a violation of the New Jersey Consumer Fraud Act by concealing which company was overseeing communications, application of payments, and implementation of the loan modification with regard to Plaintiff.

**63.**  The acts of the Defendants complained of herein possess the tendency or capacity to mislead, or create deception;

**64.**  The acts of the Defendants complained of herein violate public policy, amount to an inequitable assertion of its power and position, are immoral, unethical, oppressive, unscrupulous, and/or substantially injurious to Plaintiff and other New Jersey consumers.

**65.**  The Defendants wrongful actions were committed willfully.

**66.**     Plaintiff reasonably relied upon the concealment and/or omissions and/or misrepresentations of material fact to their detriment and paid sums of money under reasonable reliance.

**67.**     The misrepresentations of Defendants were material to the transaction.

**68.**     Because of the unconscionable conduct by Defendants, Plaintiff suffered injury including but not limited to ascertainable losses consisting of monetary loss in the form of late fees, and interest caused by Defendants misrepresentations. Plaintiff further suffered loss of value of time, damage to reputation, incurred late fees, penalties and interest.

**69.**     The conduct of Defendants violated N.J.S.A. 56:8, *et seq.*

**70.**     Plaintiff seeks all relief afforded by the New Jersey Consumer Fraud Act including trebled damages, attorney fees and equitable relief as contemplated by the statute.

**COUNT II**

**BREACH OF CONTRACT**

**As to MGC and LNV**

**(Individually)**

**71.**     Plaintiff repeats, reiterates, and incorporates the allegations contained in the above paragraphs herein with the same force and effect as if the same were set forth at length herein.

**72.**     On July 13, 2016 Ms. Giordano reached an agreement with MGC and LNV to resolve all existing disputes between the parties.

**73.**     Ms. Giordano agreed to dismiss a federal lawsuit and provide a release to MGC and LNV in exchange for the vacating of a foreclosure judgment and dismissal of the foreclosure lawsuit, as well as a modification of the existing mortgage loan.

**74.**     The material terms of the agreement were reached on or about July 12, 2016.

**75.**     Thereafter, MGC and LNV drafted a formal confidential settlement agreement and release of claims to further document the agreement.  The agreement is a contract.

**76.**     Ms. Giordano signed the agreement and returned it to MGC and LNV.

**77.**     Ms. Giordano made payments on the modified loan and the payments were accepted by MGC and LNV.

**78.**     The federal lawsuit was dismissed.

**79.**     LNV failed to perform its obligations under the contract when it failed to vacate the foreclosure judgment and dismiss the foreclosure action.

**80.**     LNV and MGC failed to perform their obligations under the contract when they did not implement the loan modification.  This is evidenced by the failure of LNV and MGC to change the terms of the loan modified under contract, as reflected on loan statements.

**81.**     As a result of the wrongful conduct and breach of the settlement, release, and

modification contract, by MGC and LNV, Ms. Giordano has suffered damages.

**82.**    Ms. Giordano's damages include overbilling, and financial loss due to misapplication of funds.

**83.**    Ms. Giordano's damages also include consequential damages stemming from the breach.  These damages were foreseeable and include anxiety, loss of sleep, and other consequences directly stemming from the ongoing threat of losing her home and equity.

**84.**    Plaintiff is entitled to recovery of damages resulting from the wrongful conduct of each Defendant, together with injunctive relief.

## COUNT III

**VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT**

**15 U.S.C. §1692e *et seq.* as to MGC and Dovenmuehle**

**(Individually and on behalf of all others similarly situated)**

**85.**    Plaintiff repeats, reiterates and incorporates the allegations contained in above paragraphs herein with the same force and effect as if the same were set forth at length herein.

**86.**    Ms. Giordano is a consumer as defined by 15 U.S.C. §1692a.

**87.**    The mortgage loan associated with Ms. Giordano's primary residence is a debt as defined by 15 U.S.C. §1692a.

**88.**    MGC is a debt collector as defined by 15 U.S.C. §1692a.  MGC became the

loan servicer after Ms. Giordano's loan was declared in default and accelerated.

89.    Dovenmuehle is a debt collector as defined by 15 U.S.C. §1692a. Dovenmuehle began providing loan collection services for MGC after Ms. Giordano's loan was declared in default and accelerated.

90.    Defendants MGC and Dovenmuehle's debt collection efforts attempted and/or directed toward Plaintiff violated various provisions of the FDCPA including but not limited to 15 U.S.C. §1692e.

91.    Pursuant to 15 U.S.C. §1692e, a debt collector may not use any false, misleading and/or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

92.    The Defendants MGC and Dovenmuehle violated said section in its letters to the Plaintiff by:

      a. Using false, deceptive, and misleading representations or means in connection with the collection of a debt;

      b. Falsely representing the amount of the alleged debt in violation of §1692e(2)(A);

      c. Taking action that cannot legally betaken in violation of §1692e(5); and

      d. Making a false representation or using deceptive means to collect a debt in violation of §1692e(10).

93.    Dovenmuehle further violated §1692e(14) by engaging in debt collection through the use of a business, company, or organization name other than the true name of its business, company, or organization.

94.    By reason thereof, Defendants are liable to Plaintiff for judgment that Defendants' conduct violated Section 1692e et seq. of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

## COUNT IV

### VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT

### 15 U.S.C. §1692f *et seq.* as to MGC and Dovenmuehle

### (Individually and on behalf of all others similarly situated)

95.    Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

96.    Defendants MGC and Dovenmuehle's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. §1692f.

97.    Pursuant to 15 U.S.C. §1692f, a debt collector must not use unfair or unconscionable practices when collecting a debt.

98.    The Defendants violated said section in its letters to the Plaintiff by collecting an amount not permitted by law in violation of §1692f(1).

99.   By reason thereof, Defendants are liable to Plaintiff for judgment that Defendants' conduct violated §1692f et seq. of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

## DEMAND FOR TRIAL BY JURY

100.   Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demands judgment against Defendant as follows:

(a) Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative and Plaintiff's Counsel, as Class Counsel;

(b) Awarding Plaintiff and the Class statutory damages;

(c) Awarding Plaintiff and the Class actual damages;

(d) Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses;

(e) Awarding pre-judgment interest and post-judgment interest; and

(f) Awarding Plaintiff and the Class such other and further relief as this Court may deem just and proper.

Dated: October 7, 2021

*/s/ Adam Deutsch*
Adam Deutsch, Esq. (016542010)
Northeast Law Group, LLC
P.O. Box 60717
Longmeadow, MA 01106
(413) 285-3646
adam@northeastlawgroup.com

EXHIBIT A

**MGC Mortgage, Inc.**
1 Corporate Drive, Suite 360
Lake Zurich, IL 60047-8945

# MORTGAGE STATEMENT
Statement Date: 08/16/2021

| Property Address: | 34 LINCOLN ST<br>ROSELAND NJ 07068 |
|---|---|

| Account Number | |
|---|---|
| Payment Due Date | 09/01/2021 |
| **Amount Due** | **$738,537.28** |

*If payment is received after 09/16/2021, a $105.79 late fee will be charged.*

+ 0568648 000002463 09DVM2 00919832
AMELIA GIORDANO
C/O JOSHUA W. DENBEAUX, ESQ.
DENBEAUX AND DENBEAUX
34 LINCOLN STREET
ROSELAND, NJ 07068

| Contact Us | 1-877-471-7888 |
|---|---|

## Account Information

| | |
|---|---|
| Outstanding Principal Balance | $214,620.10 |
| Current Escrow Account Balance | $-145,465.47 |
| Maturity Date | March 2029 |
| Interest Rate (Until Sep 2021) | 9.750% |
| Prepayment Penalty | No |

## Explanation of Amount Due

| | |
|---|---|
| Principal | $1,013.16 |
| Interest | $1,102.69 |
| Escrow (for Taxes and Insurance) | $2,910.68 |
| **Regular Monthly Payment** | **$5,026.53** |
| Fees Charged Since Last Statement | $0.00 |
| Total Fees Charged | $11,941.00 |
| **Overdue Payment** | **$721,569.75** |
| **Total Amount Due** | **$738,537.28** |

*Corporate Advances: This balance of $12,938.85 includes funds advanced by the lender to pay fees and other costs authorized by the mortgage loan documents. Please contact the Customer Service Department with any questions.*

**Housing Counselor Information:** If you would like counseling or assistance, you can contact the following: US Department of Housing and Urban Development (HUD): For a list of homeownership counselors or counseling organizations in your area, go to http://www.hud.gov/offices/hsg/sfh/hcc/hcs.cfm or call 800-569-4287.

## Transaction Activity (2/1/2021 to 08/16/2021)

| Date | Description | Charges | Payments | Escrow Activity |
|---|---|---|---|---|
| 05/21 | Interest Rate Change on ARM Loan | $0.00 | $0.00 | $0.00 |
| 05/21 | Interest Rate Change on ARM Loan | $0.00 | $0.00 | $0.00 |
| 05/21 | Interest Rate Change on ARM Loan | $0.00 | $0.00 | $0.00 |

## Past Payments Breakdown

| Description | Paid Last Period | Paid Year to Date |
|---|---|---|
| Principal | $0.00 | $4,630.33 |
| Interest | $0.00 | $37,214.69 |
| Escrow (Taxes and Insurance) | $0.00 | $13,621.44 |
| Fees | $0.00 | $0.00 |
| Partial Payment (Unapplied)* | $0.00 | $4,859.48 |
| **Total** | **$0.00** | **$60,325.94** |

## **Delinquency Notice**

You are late on your mortgage payments. Failure to bring your loan current may result in fees and foreclosure - the loss of your home. As of August 16, you are 4459 days delinquent on your mortgage loan.

**Recent Account History:**

| Payment Due | Payment Status |
|---|---|
| | $5,026.53 (current payment due) |
| 08/01/2021 | Unpaid balance of $5,026.53 |
| 07/01/2021 | Unpaid balance of $5,026.53 |
| 06/01/2021 | Unpaid balance of $5,026.53 |
| 05/01/2021 | Unpaid balance of $5,026.53 |
| 04/01/2021 | Unpaid balance of $5,026.53 |
| 03/01/2021 | Unpaid balance of $5,026.53 |
| **TOTAL Due** | **$738,537.28** |

**You must pay this amount to bring your loan current.**

*Please note: If you have enrolled in our automatic payment service, your payment will process as scheduled pursuant to the terms of your signed Authorization Form. This statement is provided for informational purposes pursuant to regulatory requirements established by the CFPB.*

**IMPORTANT MESSAGES:**

*\* Partial payments:* Any partial payment that you make are not applied to your mortgage, but instead are held in a separate suspense account. If you pay the balance of a partial payment, the funds will then be applied to your mortgage.

NOTICE TO CUSTOMERS WHO ARE IN BANKRUPTCY OR WHOSE OBLIGATION HAS BEEN DISCHARGED AND NOT REAFFIRMED: TO THE EXTENT YOUR ORIGINAL OBLIGATION WAS DISCHARGED, OR IS SUBJECT TO AN AUTOMATIC STAY OF BANKRUPTCY UNDER TITLE 11 OF THE UNITED STATES CODE, THE INFORMATION IN THIS MORTGAGE STATEMENT IS FOR REGULATORY COMPLIANCE AND INFORMATIONAL PURPOSES ONLY AND DOES NOT CONSTITUTE A DEMAND FOR PAYMENT IN VIOLATION OF THE AUTOMATIC STAY OR THE DISCHARGE INJUNCTION OR AN ATTEMPT TO IMPOSE PERSONAL LIABILITY FOR SUCH OBLIGATION. HOWEVER, CREDITOR RETAINS RIGHTS UNDER ITS SECURITY INSTRUMENT, INCLUDING THE RIGHT TO FORECLOSE ITS LIEN.

PLEASE SEE REVERSE FOR ADDITIONAL IMPORTANT NOTIFICATIONS.

You agreed to participate in the following Loss Prevention Program - N/A. The first notice or filing required by law for any foreclosure process has been made.

**If you are experiencing Financial Difficulty:** If you would like mortgage counseling or assistance, you can find a list of counselors in your area on the U.S. Department of Housing and Urban Development's website at **www.hud.gov.** You can also select to receive counseling through the HOPE Hotline by calling **1-888-995-HOPE.**

---

AMELIA GIORDANO
C/O JOSHUA W. DENBEAUX, ESQ.
DENBEAUX AND DENBEAUX
34 LINCOLN STREET
ROSELAND, NJ 07068 -

**Loan Number:**
**Next Payment Due:** 09/01/2021

## PAYMENT COUPON

*Return This Portion
With Your Payment*



*Make Check Payable To:
MGC Mortgage, Inc.*

| Amount Due | |
|---|---|
| **Due By 09/01/2021:** | **$738,537.28** |

*If payment is received after 09/16/2021, a $105.79 late fee will be charged.*

Please designate how you want us to apply any additional funds.

| Additional Principal | $ |
|---|---|
| Additional Escrow | $ |
| **Total Amount Enclosed** | **$** |

☐ CHECK HERE IF YOUR ADDRESS INFORMATION HAS CHANGED AND COMPLETE FORM ON REVERSE SIDE.

MGC Mortgage, Inc.
P.O. Box 371306
Pittsburgh PA 15250-7306

## IMPORTANT INFORMATION

**Payments:** Detach your payment coupon and mail with your check or money order in the envelope provided. Do not delay payments while waiting for additional or corrected billing statements. Please write your loan number on your check or money order and mail to the Payment Processing Center listed on the front of this statement.

**Automatic Payment Drafting:** For information about automatically deducting your mortgage payment from your checking or statement savings account at no charge, please contact our Customer Service Department toll-free at 1-877-471-7888.

**Late Charges** To avoid any late charges, please schedule the mailing of your payment to arrive no later than the specified due date. Payments received after the grace period may incur a late charge; please refer to your note for your grace period.

**Additional Amounts:** Please ensure your remittance is for the exact amount due shown on the coupon. If you wish to make additional payments to your principal or escrow, please indicate the amounts in the area specified on the coupon. If you do not specify, any additional funds will be applied to your principal balance and/or any outstanding fees.

**Payoff Amounts:** None of the amounts in this statement are payoff amounts. Only certified funds in the form of a Certified Cashier's Check or Wire will be accepted for payoffs; all other payments will be returned.  Payoff funds will not be accepted through bill payment services, websites, ACH drafts, or by telephone.  To obtain a Payoff Statement, please contact Customer Service at 1-877-471-7888 or fax the request to 1-847-574-7659. Interest and any applicable fees or charges will continue to accrue if certified funds are not received by the date in the Payoff Statement.

**Telephone Payments:** Some payments can be made by telephone. When permitted by applicable law, a fee may apply for this service in the amount of $9.50 when using the automated system, or $11.50 when speaking with a live representative. Payments can be submitted by mail or online for no additional fee, and other free payment options may also be available. To make a telephone payment or obtain information about free payment options, please contact us at 1-877-471-7889.

**Inquiries:** General inquiries should be mailed separately from your mortgage payment to our correspondence address. Be sure to include your loan number and telephone number, including area code, on all inquiries. **RESPA Notices of Error and Requests for Information must be sent <u>only</u> to the address indicated below, <u>including the specific Attention line noted.</u>**

| | | |
|---|---|---|
| **Correspondence** | **Payoff/Overnight Payments** | **RESPA Notice of Error/ Request for Information** |
| Mail Stop 1290 | Mail Stop 1270 | **Attention: Mail Stop NOE 1290** |
| 1 Corporate Drive, Suite 360 | 1 Corporate Drive, Suite 360 | 1 Corporate Drive, Suite 360 |
| Lake Zurich, IL 60047-8945 | Lake Zurich, IL 60047-8945 | Lake Zurich, IL 60047-8945 |
| **Customer Service Department** | **Telephone / Fax Numbers and Hours** | |
| 1-877-471-7888 | **Collection Department** | **Website Address** |
| TDD: 1-866-352-3684 | 1-877-471-7889 | www.mgcmortgage.com |
| Fax: 1-847-574-7659 | TDD: 1-866-352-7564 | |
| Monday - Friday | Monday - Friday | |
| 8:00 am - 5:00 pm CST | 8:00 am - 5:00 pm CST | |

**Hazard Insurance Reminders:** It is your responsibility to maintain proper and sufficient hazard insurance coverage. Hazard insurance includes Fire and Extended Coverage, and where required, Flood Insurance. To protect our mutual interest in the mortgaged property, we will require evidence of proper insurance. Absent this evidence, we are required to force place coverage (not including your equity) on your behalf and charge your mortgage account. You will be given prior notice before coverage is placed. Periodically, please consult your insurance agent to ensure that your policy adequately meets your needs. Please forward all insurance policies and bills that you receive to Hazard Insurance Department, PO Box 961292, Fort Worth, TX 76161-0292 or fax to 855-640-4865.

**Property Tax Reminders:** It is your responsibility to file for any tax exemptions. Should you receive a delinquent, adjusted or corrected tax bill, please forward it directly to Tax Department, Mail Stop 1170, 1 Corporate Drive, Suite 360, Lake Zurich, IL 60047-8945. Supplemental bills are often issued in addition to yearly real estate tax bills and are your responsibility. They are not collected through an escrow account.

**Credit Reporting:** We may report information about your account to credit bureaus. Late payments, missed payments, or other defaults on your account may be reflected in your credit report. If you believe any information we have reported or may report to a credit bureau about your loan is inaccurate, please notify us at the following address: Credit Information Department, Attention: Mail Stop NOE 1290, 1 Corporate Drive, Suite 360, Lake Zurich, IL 60047-8945.

---

**<u>ADDITIONAL NOTICE TO CUSTOMERS WHO ARE IN BANKRUPTCY OR WHOSE OBLIGATION HAS BEEN DISCHARGED:</u>** THIS MORTGAGE STATEMENT INCLUDES INFORMATION REQUIRED UNDER THE CONSUMER FINANCIAL PROTECTION BUREAU REGULATIONS. IF THE FIRST NOTICE OR FILING HAS BEEN MADE, THIS IS NOT AN ATTEMPT TO IMPOSE PERSONAL LIABILITY FOR THE DISCHARGED OBLIGATION BUT INSTEAD REFLECTS THE CREDITOR'S RIGHTS TO ENFORCE THE SECURITY INTEREST IN THE PROPERTY. **<u>LATE CHARGES:</u>** LATE CHARGES DO <u>NOT</u> APPLY TO DISCHARGED OBLIGATIONS AND WILL <u>NOT</u> BE COLLECTED FROM DEBTORS WITH OBLIGATIONS THAT ARE SUBJECT TO AN AUTOMATIC STAY UNDER TITLE 11 OF THE UNITED STATES CODE.

---

### CHANGE OF ADDRESS OR PHONE NUMBER

☐ **Address Change**     ☐ **Phone Number Change**

| | |
|---|---|
| _____ | _____ |
| Loan Number | Date |
| _____ | _____ |
| Borrower's Name | Co-Borrower's Name |
| _____ | _____ |
| Street Address | City/State/Zip |
| ( ) _____ | ( ) _____ |
| Home Phone | Business Phone |
| _____ | _____ |
| Borrower's Signature | Co-Borrower's Signature |



## Transaction Activity (continued) (2/1/2021 to 08/16/2021)

| Date | Description | Charges | Payments | Escrow Activity |
|------|-------------|---------|----------|-----------------|
| 02/04 | City Taxes | $0.00 | $0.00 | $-2,600.81 |
| 05/05 | Payment - Thank you | $0.00 | $2,305.27 | $0.00 |
| 05/05 | City Taxes | $0.00 | $0.00 | $-2,600.81 |
| 05/21 | Payment - Thank you | $0.00 | ($14,266.56) | $0.00 |
| 05/21 | Payment - Thank you | $0.00 | $0.00 | $0.00 |
| 05/21 | Payment - Thank you | $0.00 | $0.00 | $0.00 |
| 05/21 | Payment - Thank you | $0.00 | $0.00 | $0.00 |
| 05/21 | Payment - Thank you | $0.00 | $0.00 | $0.00 |
| 05/21 | Payment - Thank you | $0.00 | ($12,940.26) | $0.00 |
| 05/21 | Payment - Thank you | $0.00 | $0.00 | $0.00 |
| 05/21 | Payment - Thank you | $0.00 | $0.00 | $0.00 |
| 05/21 | Payment - Thank you | $0.00 | $0.00 | $0.00 |
| 05/21 | Payment - Thank you | $0.00 | $0.00 | $0.00 |
| 05/21 | Payment - Thank you | $0.00 | ($8,555.80) | $0.00 |
| 05/21 | Payment - Thank you | $0.00 | $0.00 | $0.00 |
| 05/21 | Payment - Thank you | $0.00 | $0.00 | $0.00 |
| 05/21 | Payment - Thank you | $0.00 | ($19,703.84) | $0.00 |
| 05/21 | Payment - Thank you | $0.00 | $0.00 | $0.00 |
| 05/21 | Payment - Thank you | $0.00 | $0.00 | $0.00 |
| 08/10 | City Taxes | $0.00 | $0.00 | $-2,618.94 |

**Amounts displayed in parentheses "($0.00)" are amounts previously held in a suspense account as unapplied partial payments that are now applied to the loan. Please see the Important Messages for more information.**

| Total Outstanding Fee Balances* | Late Charge Assessment | $10,076.00 | Bad Check Fee | $320.00 | Property Inspection Fee | $1,545.00 |
|------|------|------|------|------|------|------|

*Total Outstanding Fee Balances include current charges plus all fees outstanding as of the date of this statement.

